**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIEGO E. OBREGON-CALCEDO, | |
| Petitioner, | Civil Action No. 25-1048 (KMW) |
| v. | **OPINION** |
| WARDEN THOMPSON, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Diego E. Obregon-Calcedo pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner did not timely reply. (ECF Docket Sheet.) For the following reasons, Petitioner's habeas petition shall be denied.

**I.   BACKGROUND**

Petitioner is a native and citizen of Colombia who was paroled into the United States for the purposes of criminal prosecution in July 2015. (ECF No. 5-5 at 1.) At the time he was arrested and paroled into the country for prosecution, Petitioner did not possess a valid visa, reentry permit, or other document which would lawfully permit him to enter into the United States. (*Id.*) Following his prosecution on drug distribution charges, Petitioner received a 188 month sentence in April 2016. (ECF No. 5-3 at 2.) Petitioner is currently serving his sentence in FCI Fort Dix. (ECF No. 1 at 1-2.) Although Petitioner had originally been earning and receiving credits under

the First Step Act, he now contends that he has been improperly denied the benefit of those credits because he received an expedited order of removal which Petitioner doesn't believe was valid because he did not receive hearings before an immigration judge. (*Id.* at 7.) Petitioner also believes that his order is invalid because he believes his parole into the United States constitutes a valid, legal entry into the United States for immigration purposes. (*Id.*) Petitioner was ordered removed on June 25, 2024, and the expedited removal order was served upon him on June 27, 2024. (ECF No. 5-5.) Although Petitioner filed an initial grievance arguing his eligibility for credits before the warden of the prison, he did not appeal that grievance to the regional and national levels before filing suit in this matter, and thus did not administratively exhaust his claims through all of the levels of the BOP grievance system. (ECF No. 5-1 at 2-3.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his current petition, Petitioner argues that he was improperly deprived of FSA credits he earned prior to receiving a final order of removal and that he was denied Due Process when he lost those credits when immigration officials issued an expedited order of removal for him. While the First Step Act provides federal inmates with an opportunity to earn credits for participating in recidivism reduction programs, the Act also explicitly states that a prisoner "is ineligible to apply

2

time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Thus, if Petitioner has a final order of removal, he is barred from receiving or applying any credits under the First Step Act.

Although Petitioner acknowledges that he was given an expedited removal order that appears valid on its face, he contends that this is not a final order of removal. Petitioner is mistaken. "[I]n the deportation context, a 'final order of removal' is a final order concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (internal quotations omitted). Under 8 U.S.C. § 1225(b)(1), immigration officers are empowered to issue expedited orders of removal to certain classes of aliens, including those who are inadmissible for lack of a travel document when encountered outside the United States or at its border, which "is final when it orders an alien deported, and the order is not subject to administrative review." *Duyzings v. Warden, FCI Fort Dix*, No. 23-21574, 2024 WL 1406647, at *3 (D.N.J. April 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (an alien issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of Immigration Appeals). Petitioner's expedited order of removal was thus final upon its issuance, and Petitioner is not entitled to further immigration proceedings as to that order.

Petitioner's only real basis for arguing that his order is invalid is his contention that his parole into the United States amounts to a valid legal entry into the country and thus he cannot be considered an inadmissible alien after the Government brought him into the country for

3

prosecution purposes. The problem with that argument, however, is that an alien who is paroled into the United States for Government purposes is legally considered to have remained at the border and never to have entered the United States, and Petitioner's parole for prosecution thus could not have altered his rights or immigration position. *See* 8 U.S.C. § 1182(d)(5)(A) (the Government may, in its discretion, "parole [aliens] into the United States temporarily" but "such parole of such alien shall not be regarded as an admission of the alien . . . [and] his case shall continue to be dealt with in the same manner as that of any other applicant for admission"); *see also Gregorio-Chacon v. Lynch*, No. 16-2768, 2016 WL 6208264, at *2 (D.N.J. Oct. 24, 2016). That Petitioner was paroled into the United States thus was not a legal entry, and Petitioner is considered as if he remained an applicant for admission at the border, legally subject to a finding of inadmissibility and the issuing of an expedited order of removal. Petitioner thus appears to be fully subject to a final order of removal, lawfully issued, and is not entitled to earn further FSA credits or apply any credits he previously earned. Petitioner's contrary assertions are thus without merit.

Finally, the Court notes that Petitioner did not fully exhaust his claims through the regional and national levels of the BOP's administrative grievance system. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot

4

show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). As Petitioner has not shown a valid basis for failing to exhaust his claims in this matter, and did not fully exhaust them before filing his habeas petition, his petition is subject to dismissal for this reason as well.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge